IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT CHARLES LEWIS,      )
                         )
        Plaintiff,         )
                         )
     v.                 )     Civ. No. 23-1199-CFC
                         )
EMILY R. MURPHY, *et al.*,    )
                         )
        Defendants.    )

## MEMORANDUM OPINION

Robert Charles Lewis, Deptford, New Jersey – *Pro Se* Plaintiff

Maria R. Granaudo Gesty, BURNS WHITE, LLC, Wilmington, Delaware – Counsel for Defendants Emily R. Murphy and Steven B. Gable

January 29, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I.    INTRODUCTION

On October 23, 2023, Plaintiff Robert Charles Lewis filed this civil action *pro se*. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.    BACKGROUND

The Complaint alleges that this action raises a claim under the Constitution, law, or treaties of the United States. (D.I. 2 at 3.) Specifically, the Complaint alleges that Defendants have violated Plaintiff's "freedom to [pursue] happiness, freedom from want, freedom from fear, freedom of religion, freedom of speech, [and] freedom to receive healthcare [while] homeless." (*Id.*) The civil cover sheet submitted with the Complaint indicates that the case presents a personal injury-medical malpractice claim. (D.I. 2-2.)

According to the Complaint, between October 14, 2023, and October 22, 2023, Plaintiff (then a resident of Delaware) was wrongfully discharged from St. Francis Hospital in Wilmington, Delaware, and was refused proper care by Defendants Emily R. Murphy and Steven B. Gable (also residents of Delaware). Plaintiff alleges he was refused care because he is homeless. (D.I. 2 at 4.)

1

Plaintiff alleges that unidentified others were involved in these actions by
Defendants, and that these actions resulted in "further health problems [that] have
developed in [Plaintiff's] pressure wound, [his] right foot, [his] emotional well-
being, and in [his] overall physical health." (*Id.* at 5, 7.)  Based on the foregoing,
Plaintiff seeks money damages in the amount of $400,000.00 and additional
"punitive damages to be awarded by a jury." (*Id.*)

## III.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening
provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails
to state a claim upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452
(3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma
pauperis* actions).  The Court must accept all factual allegations in a complaint as
true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v.
County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds
*pro se*, his pleading is liberally construed and his Complaint, "however inartfully
pleaded, must be held to less stringent standards than formal pleadings drafted by
lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

3

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

The civil cover sheet clearly indicates that the nature of the suit is personal injury-medical malpractice (*see* D.I. 2-2), which arises from Delaware state law, *see, e.g.,* Del. Code 18 § 6802 ("The Superior Court of the State shall have exclusive jurisdiction of civil actions alleging health care medical negligence."). Generally, diversity jurisdiction is required for this Court to hear a state law claim. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See id.* In this case, Plaintiff does not allege diversity jurisdiction, and the allegations in the Complaint do not establish diversity jurisdiction, because Plaintiff and Defendants were all residents of Delaware at the time of the events alleged. (*See* D.I. 2 at 2.)

To the extent that Plaintiff intends to raise additional federal claims based on the violation of Plaintiff's "freedom to [pursue] happiness, freedom from want, freedom from fear, freedom of religion, freedom of speech, [and] freedom to receive

4

healthcare [while] homeless," (*id.* at 3.), the sparse factual allegations in the Complaint fail to establish that Plaintiff's discharge from St. Francis Hospital, or the care he received from Defendants, were in any way improper or actionable (*see id.* at 4-7). The Court cannot credit Plaintiff's bald assertions and legal conclusions against Defendants without facts alleged to support them. *See Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. 544.

Additionally, to the extent that Plaintiff intends to raise 42 U.S.C. § 1983 claims by way of this action, the Complaint fails to identify a viable defendant for this type of claim. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49. The Complaint names private physicians working at a private hospital as the sole Defendants in this case.[1] Defendants are not "clothed with the authority of state law." *Id.* at 49; *see Henry v. Balas*, No. 03-771-GMS, 2004 WL

---

[1] The Court takes judicial notice of the fact that Saint Francis Hospital is part of Trinity Health, a private not-for-profit Section 501(c)(3) regional health care system. *See Trinity Health Mid-Atlantic*, https://www.trinity-health.org/our-impact/community-health-and-well-being/community-benefits/trinity-health-mid-atlantic (last visited Jan. 23, 2025); *Facts and Figures*, https://www.trinity-health.org/about-us/facts-and-figures-financial-strength (last visited Jan. 23, 2025).

2211956, at \*2 (D. Del. Sept. 23, 2004) (finding that private hospital and private physician defendants were not "in any way clothed with the authority of state law") (internal quotation marks omitted).  Accordingly, amendment appears futile for any § 1983 claims.

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court cannot discern from the allegations in the Complaint, without more, a basis for any federal claims, *see* 28 U.S.C. § 1331. Plaintiff's state law medical malpractice claim also appears to be deficiently pled, and this Court lacks subject matter jurisdiction to hear it.  *See* 28 U.S.C. § 1332(a)(1).  Accordingly, the Complaint fails to state a claim upon which relief can be granted.

## V.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As amendment is futile, the Court will dismiss the case with prejudice and close the case.

An appropriate Order will be entered.